**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:04CR74-3**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| FRANKIE LEE GREER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS CAUSE coming on before the court upon a motion filed by the defendant entitled "Reconsideration Motion for Bond Hearing" filed on December 9, 2005. From the records in this cause and the arguments of counsel for the defendant and the Assistant United States Attorney, the undersigned makes the following findings:

**Findings**: The following portion of these findings shall be quoted from an order entered by United States District Court Judge Lacy Thornburg in an order filed by Judge Thornburg on 13 April 2005. Those findings succinctly set forth the factual and procedural circumstances of this matter up until that date.

> "On August 2, 2004 the defendant was charged in a one count bill of indictment with conspiracy to possess with intent to distribute more than 1.5 kilograms of methamphetamine. On that same date, the government filed a bill of information disclosing that the defendant had been previously convicted of a felony drug conviction. On December 17, 2004, the defendant entered into a plea agreement with the government, pursuant to which he agreed to plead guilty to the count of the indictment. On September 29, 2004 he entered his plea of guilty during a Rule 11 hearing conducted by the undersigned. This plea of guilty exposes the defendant to a mandatory minimum sentence of 20 years of imprisonment. On March 30, 2005 the defendant, through counsel, moved for release on bond pending sentencing, citing his need to spend time with his wife and children before commencing his active sentence."

On April 13, 2004 Judge Thornburg entered an order denying the defendant's motion for release pending sentencing due to the fact that the defendant did not meet any of the requirements of 18 U.S.C. § 3143(a).

On May 19, 2005 the defendant filed a motion entitled "Motion for Reconsideration" requesting that Judge Thornburg reconsider his order of April 13, 2005. In the motion, the defendant argued that he had evidence that he did not have a prior felony drug conviction. On August 23, 2005 Judge Thornburg denied the defendant's motion for reconsideration due to the fact that the defendant had again not shown that he met any of the statutory requirements as set forth under 18 U.S.C. § 3143(a). On November 28, 2005 the defendant filed a motion again entitled "Reconsideration Motion for Bond Hearing". This motion was denied by Judge Thornburg by order dated December 6th. In the order, Judge Thornburg stated:

> "There has been no change in circumstances since the last time the Court considered the Defendant's motion for bond. Absence the Government's consent and/or the presence of extraordinary circumstances, counsel may not renew this motion/"

On December 9, 2005 the defendant filed a motion entitled "Reconsideration Motion for Bond Hearing" alleging that on December 9, 2005 the government had orally consented to the release of the defendant and had filed "the appropriate papers".

This matter came on for hearing before the undersigned on December 19, 2005. At that time the government advised, through the United States Attorney's Office, the government had no objection to the release of the defendant, however, no explanation was provided by either the government or the defendant as what law or statute would allow the undersigned to ignore the mandatory provisions of the statute. The undersigned provided the defendant and the government a further opportunity to present any information or documents that would show that the undersigned

could order the release of the defendant as an exception to 18 U.S.C. § 3143(a) and gave the defendant and government three additional days to research the issue. On December 22, 2005 this matter came back on for hearing before the undersigned. At that time, the government again advised, through the Assistant United States Attorney, that it had no objection to the release of the defendant, however, again no evidence was presented that would comply with the provisions of 18 U.S.C. § 3143(a) by either the defendant or the government which would allow the release of the defendant and also no law was delivered to the court that provided any exception to the statute. After the hearing of December 22nd the government filed a document entitled "Response to Defendant's Motion for Bond Reconsideration" which the court has considered.

**Discussion**. 18 U.S.C. § 3143(a)(2) provides as follows:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]
>
> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph....(C)....of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless-
>     (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>     (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>     (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

There has not been any evidence presented to the undersigned that there is either a substantial likelihood that a motion for acquittal or new trial will be granted. The defendant and the government have not made any argument to the undersigned that such circumstances exist. There has further not been any evidence presented by an attorney for the government that there has been or will be a

recommendation that no sentence of imprisonment be imposed upon the defendant. Both parties agree that the offense to which the defendant has pled guilty is an offense in a case described in subparagraph (A), (B) or (C) of subsection (f)(1) of section 3142. They further admit that the defendant is awaiting imposition or execution of sentence in this matter.

The provisions of 18 U.S.C. § 3143(a)(2) appear to the undersigned to be mandatory. The language used in the statute states that, "the judicial officer <u>shall</u> order that a person.....be detained" unless the exceptions set forth in the statute are met. The fact that the government has evidently agreed to the release of the defendant or has agreed that the defendant should be released on terms and conditions of pretrial release so that he can perform certain acts for the government does not meet the specific criteria of the statute. The government does not have control of the issue of detention or the keys to the detention facility. It is the law that controls the issue of pretrial release and the court has access to the keys to the detention facility. The court must use those keys only as allowed by the law. In this case, the law is clear. The court has no discretion to apply in this factual situation and as applied to the facts in this case, the law compels that the motion of the defendant to reconsider be denied.

WHEREFORE, it is **ORDERED** that the motion of the defendant to "Reconsider Motion for Bond Hearing" is hereby **DENIED.**

**Signed: December 30, 2005**

*[Signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge